THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES T. McGAHAN, Respondent, v. JOHN W. HIGGINS, Defendant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— This is an appeal from an order sustaining a writ of habeas corpus and ordering that the prisoner be discharged from custody. The relator was

arrested in the city of Troy for a violation of section 982 of the Penal Law. He was arraigned in the Police Court. There was no written charge against him. Two adjournments were had and finally a certificate transferring the case to the grand jury pursuant to section 57 of the Code of Criminal Procedure was obtained. The matter was presented to the grand jury, who found an indictment. The defendant was tried upon the indictment and found guilty and sentence passed upon him by the court. A certificate of reasonable doubt was obtained and bail was obtained, and the relator secured the writ of habeas corpus in question. It is claimed that he was surrendered in the city of Albany to a deputy sheriff. The defense or opposition to the writ is upon the ground that it was improperly allowed because the relator was not truly in custody. The writ was later sustained in an opinion by the judge granting it, and the district attorney has appealed. The petition for the writ says that due to the fact that there was no information before the police judge there was no charge pending, and, therefore, the order transferring it to the grand jury under section 57 of the Code of Criminal Procedure was void. The grand jury never obtained jurisdiction and the indictment was null and void because of want of jurisdiction and the conviction was also null and void for the same reason. What the petitioner is seeking here is to review a judgment of conviction by a writ of habeas corpus. This cannot be done. The order sustaining the writ of habeas corpus should be reversed and the order reversed, on the law and facts, and writ dismissed. Hill, P. J., Rhodes and Crapser, JJ., concur; McNamee and Bliss, JJ., dissent and vote to affirm the order on the ground that this court has already held, in the companion case of *People* v. *McGahan* (*ante*, p. 691), decided herewith, that the court in which the respondent was convicted was without jurisdiction.